United States District Court
Southern District of Texas
**ENTERED**
October 11, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID MAURICE JACKSON, a/k/a DAVID JACKSON, SPN #02233617, § § § § Plaintiff, § § v. § § HARRIS COUNTY JAILER, § § Defendant. § | Civil Action No. H-22-3316 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a Harris County pretrial detainee proceeding *pro se* and seeking leave to proceed *in forma pauperis*, filed a lawsuit under 42 U.S.C. § 1983 against a "Harris County Jailer" for the alleged violation of his and his family's constitutional rights.

Having screened plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

### I. BACKGROUND AND CLAIMS

Plaintiff is in Harris County pretrial detention awaiting trial on two charges for assault of a family member. He complains that his family's name is being verbally abused at the Harris County Jail, that the defendant is stealing his family's income and trying to get his family members hurt by calling them snitches. Plaintiff seeks $10 million in monetary damages.

## II. ANALYSIS

Plaintiff is an inmate seeking leave to proceed *in forma pauperis* who requests redress from a governmental employee. The Court is required by federal law to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) (providing that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief").

Plaintiff's factual allegations raise no issue of a constitutional dimension, and no viable claim for relief is pleaded. Complaints of verbal abuse, threats, or insults do not constitute cognizable claims under section 1983. *See Robertson v. Plano City*, 70 F.3d 21, 24–25 (5th Cir. 1995) (collecting cases). To the extent plaintiff claims that his family's income is being stolen, plaintiff is not a licensed attorney and cannot prosecute claims on behalf of another person. *See, e.g., Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n a federal court a party can represent himself or be represented by an attorney, but cannot be represented by a non-lawyer"). Because plaintiff's allegations as to loss of another person's property raise no constitutional issue as to the violation of his own constitutional rights, no viable claim is presented under section 1983.

Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** as frivolous and for failure to state a viable claim for relief under section 1983.

### III. CONCLUSION

For the above reasons, this case is **DISMISSED WITHOUT PREJUDICE** as frivolous and for failure to state a viable claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a strike for purposes of 28 U.S.C. § 1915(g), and stands as plaintiff's third strike. *See Jackson v. Harris County Jailers*, C.A. No. H-3100 (S.D. Tex. Sept. 22, 2022) (dismissing as frivolous and for failure to state a claim plaintiff's complaints of verbal abuse); *Jackson v. Ellis Unit*, C.A. No. H-22-0200 (S.D. Tex. Feb. 2, 2022) (dismissing as a strike plaintiff's complaints of being harassed and called a snitch at the Ellis Unit). <u>Plaintiff is barred from proceeding *in forma pauperis* in federal district or appellate court unless he demonstrates he is under imminent danger of serious physical injury at the time of filing. 28 U.S.C. § 1915(g)</u>.

Signed at Houston, Texas, on OCT 1 1 2022.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE